Decided March 13, 1989

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN ) DCA NO. 88-9012
MARIANA ISLANDS, )
) CTC Crim. No. 84-496
    Plaintiff-Appellee, )
)
        v. ) OPINION
)
DIEGO S. CABRERA, )
)
    Defendant-Appellant. )
)

Attorney for Appellants:    JAMES SIROK, ESQ.
Attorney at Law
2nd Floor, Nauru Building
Susupe, Saipan, MP 96950
Tel: 670 234-7796

Attorney for Appellees:    ALEXANDRO C. CASTRO
Attorney General
RONALD A. HAMMETT
Assistant Attorney General
Capitol Hill
Saipan, MP 96950
Tel: 670 234 7111/7771

BEFORE: MUNSON, and HILL,* District Judges, and VILLAGOMEZ,**
Judge.

---

\* The Honorable Irving Hill, Senior Judge, United States
District Court for the Central District of California,
sitting by designation.

\*\* The Honorable Ramon G. Villagomez, Judge, Commonwealth Trial
Court, sitting by designation.

**656**

VILLAGOMEZ, Judge

Defendant-appellant Diego S. Cabrera was convicted of murder by a Commonwealth Trial Court jury. His conviction was affirmed by the Appellate Division of the District Court, and he appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit remanded the case to the trial court for a factual finding, which the trial court completed. Cabrera appeals. For the following reasons, we affirm the trial court.

On November 11, 1984, Herman Fitial was murdered in Saipan, Commonwealth of the Northern Mariana Islands. Commonwealth Police arrested Cabrera five days later and took him to the police station for questioning. The interview was conducted by Officer Camacho of the Department of Public Safety's Juvenile Division, because Cabrera was seventeen years. Cabrera's father, whom Officer Camacho had picked up on the way to the station, also attended the interview.

The police gave Cabrera a form waiver which included several questions regarding, for purposes of this appeal, Cabrera's right to have counsel present before making any statements to the police. Cabrera's initial answer to one of the questions, question number 9, indicated that he wanted an attorney. Cabrera later changed that answer, indicating that he did not wish to have counsel present during questioning. This appeal centers on the circumstances which led to Cabrera changing his answer to question number 9.

Cabrera alleges that he changed his answer to question

**657**

number 9 because Officer Camacho informed him that it "might get worse" if he did not. The government maintains that Cabrera changed the answer because his father instructed him to do so.

After changing his answer to question number 9, Cabrera confessed orally and in writing to participating in Herman Fitial's murder. The following day Cabrera returned to the police station and confessed in greater detail to committing the murder.

Cabrera's motion to suppress his confessions was denied by the trial court. He was convicted of second degree murder by a jury, and appealed. The District Court, Appellate Division, affirmed the conviction.

The Ninth Circuit affirmed in part but remanded the case to the trial court "for supplemental findings of whether Officer Camacho made the alleged statement...if I don't put yes, he might, the case might get worse." CNMI v. Doe, Slip. Op. p. 9 (9th Cir. 1987). The Circuit Court further instructed the trial court to determine "whether that statement, in context, constituted interrogation." Id.

The trial court then held a hearing in which Cabrera, his father, and Camacho testified. Cabrera and his father testified that Camacho made the statement in issue; Camacho testified that he did not.

The trial court found that Officer Camacho did not make the statement and that Cabrera changed his answer to question number 9 at his father's insistence. A footnote in the court's opinion specified that even if Officer Camacho had made t

658

statement, it did not constitute interrogation. Based on these findings, the court determined that Cabrera's confessions were admissible.

The issue presented on this appeal is whether the trial court's finding that Officer Camacho did not tell Cabrera that if he indicated he wanted an attorney it "might be worse for him" was clearly erroneous.

The appellate court applies a "clearly erroneous" standard when the court reviews the findings of fact made by a trial court in a suppression hearing. United States v. Whitworth, 856 F.2d 1268, 1278 (9th Cir. 1988). A finding is clearly erroneous when the appellate court is left with the definite and firm conviction that a mistake has been committed. United States v. Gypsum Co., et al., 333 U.S. 364 (1948).

The trial court heard testimony from and observed three witnesses during the remand hearing: Cabrera; Cabrera's father; and Officer Camacho. Cabrera and his father testified that Camacho stated during the interview that if Cabrera persisted in his request to have an attorney "it might be worse." Camacho testified to the contrary.

The trial court believed Officer Camacho. It is rare that an appellate court, reviewing a bare record of conflicting testimony between adversaries, will declare the trial court's determination to be erroneous and will substitute its own finding in place of the trial court's. This is certainly not the type of case where such a declaration and substitution are warranted.

Cabrera raises additional issues. Those issues, however, are not properly before this Court. On remand, the jurisdiction of the lower court is rigidly limited to those points, and those points only, specifically consigned to its consideration by the appellate court. Hermann v. Brownell, 274 F.2d 842, (1960). The Ninth Circuit Court of Appeals remanded this case to the trial court for the sole purpose of determining whether Officer Camacho had in fact told Cabrera that it "might get worse" if he continued to seek an attorney. The trial court found that that did not happen; the court expressly found that Cabrera changed his answer at his father's insistence.

For these reasons, the trial court's decision is AFFIRMED.

_____
Judge Ramon G. Villagomez

_____
Judge Alex R. Munson

_____
Judge Irving Hill